**Leinart Law Firm**
7920 Beltline Road
Suite 980
Dallas, Texas 75254

Bar Number: 00794156
Phone: (469) 232-3328

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | | | |
|---|---|---|---|---|
| In re: **Teresa Ann Johnson** | xxx-xx-3299 | § | Case No: | |
| 26850 US 380 #4204 | | § | Date: | **1/29/2020** |
| Aubrey, TX 76227 | | § | | |
| | | § | Chapter 13 | |
| | | § | | |

Debtor(s)

**DEBTOR'S(S') CHAPTER 13 PLAN
(CONTAINING A MOTION FOR VALUATION)**

**DISCLOSURES**

☑ This *Plan* does not contain any *Nonstandard Provisions.*

☐ This *Plan* contains *Nonstandard Provisions* listed in Section III.

☐ This *Plan* does not limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

☑ This *Plan* does limit the amount of a secured claim based on a valuation of the *Collateral* for the claim.

This *Plan* does not avoid a security interest or lien.

Language in italicized type in this *Plan* shall be as defined in the "General Order 2017-01, Standing Order Concerning Chapter 13 Cases" and as it may be superseded or amended ("General Order"). All provisions of the General Order shall apply to this *Plan* as if fully set out herein.

Page 1

| | | | |
|---|---|---|---|
| Plan Payment: | **$640.00** | Value of Non-exempt property per § 1325(a)(4): | **$0.00** |
| Plan Term: | **60 months** | Monthly Disposable Income per § 1325(b)(2): | **$0.00** |
| Plan Base: | **$38,400.00** | Monthly Disposable Income x ACP ("UCP"): | **$0.00** |
| Applicable Commitment Period: | **36 months** | | |

Case No:
Debtor(s):   **Teresa Ann Johnson**

---

## MOTION FOR VALUATION

Pursuant to Bankruptcy Rule 3012, for purposes of 11 U.S.C. § 506(a) and § 1325(a)(5) and for purposes of determination of the amounts to be distributed to holders of secured claims who do not accept the *Plan, Debtor(s)* hereby move(s) the Court to value the *Collateral* described in Section I, Part E.(1) and Part F of the *Plan* at the lesser of the value set forth therein or any value claimed on the proof of claim.  Any objection to valuation shall be filed at least seven (7) days prior to the date of the *Trustee's* pre-hearing conference regarding Confirmation or shall be deemed waived.

### SECTION I
### DEBTOR'S(S') CHAPTER 13 PLAN - SPECIFIC PROVISIONS
### FORM REVISED 7/1/17

**A. PLAN PAYMENTS:**

*Debtor(s)* propose(s) to pay to the *Trustee* the sum of:

**$640.00**   per month, months   **1**   to   **60**  .

For a total of   **$38,400.00**   (estimated "*Base Amount*").

First payment is due   **2/28/2020**  .

The applicable commitment period ("ACP") is   **36**   months.

Monthly Disposable Income ("DI") calculated by *Debtor(s)* per § 1325(b)(2) is:   **$0.00**  .

The Unsecured Creditors' Pool ("UCP"), which is DI x ACP, as estimated by the Debtor(s), shall be no less than:   **$0.00**  .

*Debtor's(s')* equity in non-exempt property, as estimated by *Debtor(s)* per § 1325(a)(4), shall be no less than:   **$0.00**  .

**B. STATUTORY, ADMINISTRATIVE AND DSO CLAIMS:**

1. **CLERK'S FILING FEE:**  Total filing fees paid through the *Plan*, if any, are   **$0.00**   and shall be paid in full prior to disbursements to any other creditor.

2. **STATUTORY TRUSTEE'S PERCENTAGE FEE(S) AND NOTICING FEES:**  *Trustee's Percentage Fee(s)* and any noticing fees shall be paid first out of each receipt as provided in General Order 2017-01 (as it may be superseded or amended) and 28 U.S.C. § 586(e)(1) and (2).

3. **DOMESTIC SUPPORT OBLIGATIONS:**  The *Debtor* is responsible for paying any Post-petition Domestic Support Obligation directly to the DSO claimant.  Pre-petition Domestic Support Obligations per Schedule "E/F" shall be paid in the following monthly payments:

| DSO CLAIMANTS | SCHED. AMOUNT | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT $__ PER MO. |
|---|---|---|---|---|
| | | | | |

**C. ATTORNEY FEES:** To   **Leinart Law Firm**  , total:   **$3,700.00**  ;
  **$0.00**   Pre-petition;   **$3,700.00**   disbursed by the *Trustee.*

Case No:
Debtor(s): **Teresa Ann Johnson**

**D.(1) PRE-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | SCHED. ARR. AMT | DATE ARR. THROUGH | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

**D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY THE TRUSTEE IN A CONDUIT CASE:**

| MORTGAGEE | # OF PAYMENTS PAID BY TRUSTEE | CURRENT POST-PETITION MORTGAGE PAYMENT AMOUNT | FIRST CONDUIT PAYMENT DUE DATE (MM-DD-YY) |
|---|---|---|---|
| | | | |

**D.(3) POST-PETITION MORTGAGE ARREARAGE:**

| MORTGAGEE | TOTAL AMT. | DUE DATE(S) (MM-DD-YY) | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|---|
| | | | | | |

**E.(1) SECURED CREDITORS - PAID BY THE TRUSTEE:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|---|
| | | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | % | | TREATMENT Pro-rata |
|---|---|---|---|---|---|
| **Conns Household Goods** | **$6,263.00** | **$3,131.50** | **0.00%** | | **Pro-Rata** |

To the extent the value amount in E.(1) is less than the scheduled amount in E.(1), the creditor may object. In the event a creditor objects to the treatment proposed in paragraph E.(1), the *Debtor(s)* retain(s) the right to surrender the *Collateral* to the creditor in satisfaction of the creditor's claim.

**E.(2) SECURED 1325(a)(9) CLAIMS PAID BY THE TRUSTEE - NO CRAM DOWN:**

A.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT Per Mo. |
|---|---|---|---|---|
| | | | | |

B.

| CREDITOR / COLLATERAL | SCHED. AMT. | % | | TREATMENT Pro-rata |
|---|---|---|---|---|
| **American Credit Acceptance 2016 Kia Soul** | **$20,436.00** | **6.25%** | | **Pro-Rata** |

The valuation of *Collateral* set out in E.(1) and the interest rate to be paid on the above scheduled claims in E.(1) and E.(2) will be finally determined at confirmation. The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

Absent any objection to the treatment described in E.(1) or E.(2), the creditor(s) listed in E.(1) and E.(2) shall be deemed to have accepted the *Plan* per section 1325(a)(5)(A) of the Bankruptcy Code and to have waived its or their rights under section 1325(a)(5)(B) and (C) of the Bankruptcy Code.

Case No:
Debtor(s):  **Teresa Ann Johnson**

**F.  SECURED CREDITORS - COLLATERAL TO BE SURRENDERED:**

| CREDITOR / COLLATERAL | SCHED. AMT. | VALUE | TREATMENT |
|---|---|---|---|
| | | | |

Upon confirmation, pursuant to 11 U.S.C. § 1322(b)(8), the surrender of the *Collateral* described herein will provide for the payment of all or part of a claim against the *Debtor(s)* in the amount of the value given herein.

The valuation of *Collateral* in F will be finally determined at confirmation.  The allowed claim amount will be determined based on a timely filed proof of claim and the *Trustee's Recommendation Concerning Claims* ("TRCC") or by an order on an objection to claim.

The *Debtor(s)* request(s) that the automatic stay be terminated as to the surrendered *Collateral.*  If there is no objection to the surrender, the automatic stay shall terminate and the *Trustee* shall cease disbursements on any secured claim which is secured by the *Surrendered Collateral*, without further order of the Court, on the 7th day after the date the *Plan* is filed.  However, the stay shall not be terminated if the *Trustee* or affected secured lender files an objection in compliance with paragraph 8 of the General Order until such objection is resolved.

Nothing in this *Plan* shall be deemed to abrogate any applicable non-bankruptcy statutory or contractual rights of the *Debtor(s).*

**G.  SECURED CREDITORS - PAID DIRECT BY DEBTOR:**

| CREDITOR | COLLATERAL | SCHED. AMT. |
|---|---|---|
| **Select Portfolio Servicing, Inc** | **2710 Forest Park Dr. Garland, TX 75040** | **$67,765.00** |
| **Select Portfolio Servicing, Inc** | **2710 Forest Park Dr. Garland, TX 75040** | **$14,583.00** |

**H.  PRIORITY CREDITORS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| **Internal Revenue Service** | **$3,737.26** | **Month(s) 1-60** | **Pro-Rata** |

**I.  SPECIAL CLASS:**

| CREDITOR | SCHED. AMT. | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|
| | | | |

JUSTIFICATION: _____

**J.  UNSECURED CREDITORS:**

| CREDITOR | SCHED. AMT. | COMMENT |
|---|---|---|
| **Acceptance Solutions Group** | **$750.00** | |
| **Ad Astra Recovery** | **$777.00** | |
| **Advance Cash** | **$600.00** | |
| **AFNI** | **$381.02** | |
| **Allstate Insurance Company** | **$0.00** | |
| **Arrowhead Advance** | **$5,246.01** | |
| **AT&T** | **$0.00** | |
| **AT&T Mobility** | **$0.00** | |
| **Banfield Pet Hospital** | **$0.00** | |
| **Cash Net USA** | **$1,078.00** | |
| **Chase Mortgage** | **$0.00** | |

Case No:
Debtor(s):  **Teresa Ann Johnson**

| | | |
|---|---:|---|
| **Chase Mortgage** | $0.00 | |
| **Comet Loans** | $500.00 | |
| **Compass Bank Checking** | $0.00 | |
| **Conn's Appliance Inc** | $0.00 | |
| **Conns** | $3,131.50 | Unsecured portion of the secured debt (Bifurcated) |
| **Conns** | $0.00 | |
| **Credence Resource Management** | $571.00 | |
| **Credit Collection Services** | $78.88 | |
| **Credit Collection Services** | $341.33 | |
| **Credit One Bank** | $463.00 | |
| **Credit Protection Association** | $1,049.22 | |
| **EOS** | $151.45 | |
| **Fingerhut** | $156.00 | |
| **Fingerhut** | $0.00 | |
| **First National Collection Bureau** | $601.94 | |
| **First PREMIER Bank** | $455.00 | |
| **Genesis Bc/Celtic Bank** | $265.00 | |
| **Green Arrow Loan** | $186.41 | |
| **IC System, Inc** | $397.00 | |
| **Midwest Recovery Systems** | $1,691.00 | |
| **Money Key** | $400.00 | |
| **Moneylion** | $327.00 | |
| **Nine Torches** | $690.57 | |
| **NTTA** | $0.00 | |
| **PHH Mortgage Services** | $0.00 | |
| **Possible Finance** | $77.00 | |
| **Preferred Loans** | $537.64 | |
| **Professional Account Management** | $121.32 | |
| **Professional Account Management** | $89.49 | |
| **RS Clark & Associates** | $0.00 | |
| **Santander Consumer USA** | $2,030.41 | |
| **Self Lender Loans** | $500.00 | |
| **Sky Trail Cash** | $683.00 | |
| **Spectrum/Charter Communications** | $346.83 | |
| **Speedy/Rapid Cash** | $777.88 | |
| **Spotloan** | $0.00 | |
| **Sunrise Banks** | $0.00 | |
| **Sunrise Credit Services** | $343.83 | |
| **T-Mobile** | $0.00 | |
| **The Colony Hospital ER** | $1,486.00 | |
| **Total Visa/Bank of Missouri** | $410.00 | |
| **Verizon Wireless** | $0.00 | |
| **Zoca Loans** | $993.19 | |

Case No:
Debtor(s): **Teresa Ann Johnson**

| | |
|---|---|
| TOTAL SCHEDULED UNSECURED: | **$28,684.92** |

The *Debtor's(s')* estimated (but not guaranteed) payout to unsecured creditors based on the scheduled amount is **0%**.

General unsecured claims will not receive any payment until after the order approving the TRCC becomes final.

**K. EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| § 365 PARTY | ASSUME/REJECT | CURE AMOUNT | TERM (APPROXIMATE) (MONTHS __ TO __) | TREATMENT |
|---|---|---|---|---|
| **Progressive Leasing** | Rejected | $0.00 | | |

**SECTION II**
**DEBTOR'S(S') CHAPTER 13 PLAN - GENERAL PROVISIONS**
**FORM REVISED 7/1/17**

**A. SUBMISSION OF DISPOSABLE INCOME:**

*Debtor(s)* hereby submit(s) future earnings or other future income to the *Trustee* to pay the *Base Amount.*

**B. ADMINISTRATIVE EXPENSES, DSO CLAIMS & PAYMENT OF TRUSTEE'S STATUTORY PERCENTAGE FEE(S) AND NOTICING FEES:**

The Statutory Percentage Fees of the *Trustee* shall be paid in full pursuant to 11 U.S.C. §§ 105(a), 1326(b)(2), and 28 U.S.C. § 586(e)(1)(B). The *Trustee* is authorized to charge and collect Noticing Fees as indicated in Section I, Part "B" hereof.

**C. ATTORNEY FEES:**

*Debtor's(s')* Attorney Fees totaling the amount indicated in Section I, Part C, shall be disbursed by the *Trustee* in the amount shown as "Disbursed By The Trustee" pursuant to this *Plan* and the **Debtor's(s')** Authorization for Adequate Protection Disbursements ("*AAPD*"), if filed.

**D.(1) PRE-PETITION MORTGAGE ARREARAGE:**

The Pre-Petition *Mortgage Arrearage* shall be paid by the *Trustee* in the allowed pre-petition arrearage amount and at the rate of interest indicated in Section I, Part D.(1). To the extent interest is provided, it will be calculated from the date of the Petition. The principal balance owing upon confirmation of the *Plan* on the allowed pre-petition *Mortgage Arrearage* amount shall be reduced by the total adequate protection less any interest (if applicable) paid to the creditor by the *Trustee.* Such creditors shall retain their liens.

**D.(2) CURRENT POST-PETITION MORTGAGE PAYMENTS DISBURSED BY TRUSTEE IN A CONDUIT CASE:**

*Current Post-Petition Mortgage Payment(s)* shall be paid by the *Trustee* as indicated in Section I, Part D.(2), or as otherwise provided in the General Order.

The *Current Post-Petition Mortgage Payment(s)* indicated in Section I, Part D.(2) reflects what the *Debtor(s)* believe(s) is/are the periodic payment amounts owed to the *Mortgage Lender* as of the date of the filing of this *Plan.* Adjustment of the *Plan Payment* and *Base Amount* shall be calculated as set out in the General Order, paragraph 15(c)(3).

Payments received by the *Trustee* for payment of the *Debtor's Current Post-Petition Mortgage Payment(s)* shall be deemed adequate protection to the creditor.

Upon completion of the *Plan, Debtor(s)* shall resume making the *Current Post-Petition Mortgage Payments* required by their contract on the due date following the date specified in the *Trustee's* records as the date through which the *Trustee* made the last *Current Post-Petition Mortgage Payment.*

Unless otherwise ordered by the Court, and subject to Bankruptcy Rule 3002.1(f)-(h), if a *Conduit Debtor* is current on his/her *Plan Payments* or the payment(s) due pursuant to any wage directive, the *Mortgage Lender* shall be deemed current post-petition.

### D.(3) POST-PETITION MORTGAGE ARREARAGE:

The *Post-Petition Mortgage Arrearage* shall be paid by the *Trustee* in the allowed amount and at the rate of interest indicated in Section I, Part D.(3). To the extent interest is provided, it will be calculated from the date of the Petition.

*Mortgage Lenders* shall retain their liens.

### E.(1)  SECURED CLAIMS TO BE PAID BY TRUSTEE:

The claims listed in Section I, Part E.(1) shall be paid by the *Trustee* as secured to the extent of the lesser of the allowed claim amount (per a timely filed Proof of Claim not objected to by a party in interest) or the value of the *Collateral* as stated in the *Plan.* Any amount claimed in excess of the value shall automatically be split and treated as unsecured as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(1) as set out in 11 U.S.C. § 1325(a)(5)(B)(I) and shall receive interest at the rate indicated from the date of confirmation or, if the value shown is greater than the allowed claim amount, from the date of the Petition, up to the amount by which the claim is over-secured. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments less any interest (if applicable) paid to the creditor by the *Trustee.*

### E.(2)  SECURED 1325(a)(9) CLAIMS TO BE PAID BY THE TRUSTEE--NO CRAM DOWN:

Claims in Section I, Part E.(2) are either debts incurred within 910 days of the *Petition Date* secured by a purchase money security interest in a motor vehicle acquired for the personal use of the *Debtor(s)* or debts incurred within one year of the *Petition Date* secured by any other thing of value.

The claims listed in Section I, Part E.(2) shall be paid by the *Trustee* as fully secured to the extent of the allowed amount (per a timely filed Proof of Claim not objected to by a party in interest). Such creditors shall retain their liens on the *Collateral* described in Section I, Part E.(2) until the earlier of the payment of the underlying debt determined under non-bankruptcy law or a discharge under § 1328 and shall receive interest at the rate indicated from the date of confirmation. The principal balance owing upon confirmation of the *Plan* on the allowed secured claim shall be reduced by the total of adequate protection payments paid to the creditor by the *Trustee.*

To the extent a secured claim not provided for in Section I, Part D, E.(1) or E.(2) is allowed by the Court, *Debtor(s)* will pay the claim direct per the contract or statute.

Each secured claim shall constitute a separate class.

### F.  SATISFACTION OF CLAIM BY SURRENDER OF COLLATERAL:

The claims listed in Section I, Part F shall be satisfied as secured to the extent of the value of the *Collateral*, as stated in the *Plan*, by surrender of the *Collateral* by the *Debtor(s)* on or before confirmation. Any amount claimed in excess of the value of the *Collateral*, to the extent it is allowed, shall be automatically split and treated as indicated in Section I, Part H or J, per 11 U.S.C. § 506(a).

Each secured claim shall constitute a separate class.

### G.  DIRECT PAYMENTS BY DEBTOR(S):

Payments on all secured claims listed in Section I, Part G shall be disbursed by the *Debtor(s)* to the claimant in accordance with the terms of their agreement or any applicable statute, unless otherwise provided in Section III, "Nonstandard Provisions."

No direct payment to the IRS from future income or earnings in accordance with 11 U.S.C. § 1322(a)(1) will be permitted.

Each secured claim shall constitute a separate class.

### H.  PRIORITY CLAIMS OTHER THAN DOMESTIC SUPPORT OBLIGATIONS:

Failure to object to confirmation of this *Plan* shall not be deemed acceptance of the "SCHED. AMT." shown in Section I, Part H. The claims listed in Section I, Part H shall be paid their allowed amount by the *Trustee*, in full, pro-rata, as priority claims, without interest.

### I.  CLASSIFIED UNSECURED CLAIMS:

Classified unsecured claims shall be treated as allowed by the Court.

Case No:

Debtor(s):  **Teresa Ann Johnson**

---

**J.   GENERAL UNSECURED CLAIMS TIMELY FILED:**

All other allowed claims not otherwise provided for herein shall be designated general unsecured claims.

**K.   EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

As provided in § 1322(b)(7) of the Bankruptcy Code, the *Debtor(s)* assume(s) or reject(s) the executory contracts or unexpired leases with parties as indicated in Section I, Part K.

Assumed lease and executory contract arrearage amounts shall be disbursed by the *Trustee* as indicated in Section I, Part K.

**L.   CLAIMS TO BE PAID:**

"TERM (APPROXIMATE)" as used in this *Plan* states the estimated number of months from the *Petition Date* required to fully pay the allowed claim. If adequate protection payments have been authorized and made, they will be applied to principal as to both under-secured and fully secured claims and allocated between interest and principal as to over-secured claims. Payment pursuant to this *Plan* will only be made on statutory, secured, administrative, priority and unsecured claims that are allowed or, pre-confirmation, that the *Debtor(s)* has/have authorized in a filed Authorization for Adequate Protection Disbursements.

**M.   ADDITIONAL PLAN PROVISIONS:**

Any additional *Plan* provisions shall be set out in Section III, "Nonstandard Provisions."

**N.   POST-PETITION NON-ESCROWED AD VALOREM (PROPERTY) TAXES AND INSURANCE:**

Whether the *Debtor* is a *Conduit Debtor* or not, if the regular payment made by the *Debtor* to a *Mortgage Lender* or any other lienholder secured by real property does not include an escrow for the payment of ad valorem (property) taxes or insurance, the *Debtor* is responsible for the timely payment of post-petition taxes directly to the tax assessor and is responsible for maintaining property insurance as required by the mortgage security agreement, paying all premiums as they become due directly to the insurer. If the *Debtor* fails to make these payments, the mortgage holder may, but is not required to, pay the taxes and/or the insurance. If the mortgage holder pays the taxes and/or insurance, the mortgage holder may file, as appropriate, a motion for reimbursement of the amount paid as an administrative claim or a *Notice of Payment Change by Mortgage Lender* or a *Notice of Fees, Expenses, and Charges.*

**O.   CLAIMS NOT FILED:**

A claim not filed with the Court will not be paid by the *Trustee* post-confirmation regardless of its treatment in Section I or on the *AAPD.*

**P.   CLAIMS FOR PRE-PETITION NON-PECUNIARY PENALTIES, FINES, FORFEITURES, MULTIPLE, EXEMPLARY OR PUNITIVE DAMAGES:**

Any unsecured claim for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims, shall be paid only a pro-rata share of any funds remaining after all other unsecured claims, including late filed claims, have been paid in full.

**Q.   CLAIMS FOR POST-PETITION PENALTIES AND INTEREST:**

No interest, penalty, or additional charge shall be allowed on any pre-petition claims subsequent to the filing of the petition, unless expressly provided herein.

**R.   BUSINESS CASE OPERATING REPORTS:**

Upon the filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report, business *Debtors* are no longer required to file operating reports with the *Trustee*, unless the *Trustee* requests otherwise. The filing of the *Trustee's* 11 U.S.C. § 1302(c) Business Case Report shall terminate the *Trustee's* duties but not the *Trustee's* right to investigate or monitor the *Debtor's(s')* business affairs, assets or liabilities.

**S.   NO TRUSTEE'S LIABILITY FOR DEBTOR'S POST-CONFIRMATION OPERATION AND BAR DATE FOR CLAIMS FOR PRE-CONFIRMATION OPERATIONS:**

The *Trustee* shall not be liable for any claim arising from the post-confirmation operation of the *Debtor's(s')* business. Any claims against the *Trustee* arising from the pre-confirmation operation of the *Debtor's(s')* business must be filed with the Bankruptcy Court within sixty (60) days after entry by the Bankruptcy Court of the Order of Confirmation or be barred.

Case No:

Debtor(s):  **Teresa Ann Johnson**

---

T.  **DISPOSAL OF DEBTOR'S NON-EXEMPT PROPERTY; RE-VESTING OF PROPERTY; NON-LIABILITY OF TRUSTEE FOR PROPERTY IN POSSESSION OF DEBTOR WHERE DEBTOR HAS EXCLUSIVE RIGHT TO USE, SELL, OR LEASE IT; AND TRUSTEE PAYMENTS UPON POST CONFIRMATION CONVERSION OR DISMISSAL:**

*Debtor(s)* shall not dispose of or encumber any non-exempt property or release or settle any lawsuit or claim by *Debtor(s)*, prior to discharge, without consent of the *Trustee* or order of the Court after notice to the *Trustee* and all creditors.

Property of the estate shall not vest in the *Debtor* until such time as a discharge is granted or the *Case* is dismissed or closed without discharge.  Vesting shall be subject to all liens and encumbrances in existence when the *Case* was filed and all valid post-petition liens, except those liens avoided by court order or extinguished by operation of law.  In the event the *Case* is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law.  After confirmation of the *Plan*, the *Trustee* shall have no further authority, fiduciary duty or liability regarding the use, sale, insurance of or refinance of property of the estate except to respond to any motion for the proposed use, sale, or refinance of such property as required by the applicable laws and/or rules.  Prior to any discharge or dismissal, the *Debtor(s)* must seek approval of the court to purchase, sell, or refinance real property.

Upon dismissal of the *Case* post confirmation, the *Trustee* shall disburse all funds on hand in accordance with this *Plan.*  Upon conversion of the *Case*, any balance on hand will be disbursed by the *Trustee* in accordance with applicable law.

U.  **ORDER OF PAYMENT:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 *Trustee* after the entry of an order confirming the Chapter 13 Plan, whether pursuant to this *Plan* or a modification thereof, will be paid in the order set out below, to the extent a creditor's claim is allowed or the disbursement is otherwise authorized.  Each numbered paragraph below is a level of payment.  All disbursements which are in a specified monthly amount are referred to as "per mo."  At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on a per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment.  If multiple claimants are scheduled to receive per mo payments within the same level of payment and there are insufficient funds to make those payments in full, available funds will be disbursed to the claimants within that level on a pro-rata basis.  Claimants with a higher level of payment which are designated as receiving pro-rata payments shall be paid, in full, before any disbursements are made to any claimant with a lower level of payment.

1st -- Clerk's Filing Fee and Trustee's Percentage Fee(s) and Noticing Fees in B.(1) and B.(2) and per statutory provisions will be paid in full.

2nd -- Current Post-Petition Mortgage Payments (Conduit) in D.(2) and as adjusted according to the General Order, which must be designated to be paid per mo.

3rd -- Creditors listed in E.(1)(A) and E.(2)(A), which must be designated to be paid per mo, and Domestic Support Obligations ("DSO") in B.(3), which must be designated to be paid per mo.

4th -- Attorney Fees in C, which must be designated to be paid pro-rata.

5th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid per mo.

6th -- Post-Petition Mortgage Arrearage as set out in D.(3), if designated to be paid pro-rata.

7th -- Arrearages owed on Executory Contracts and Unexpired Leases in K, which must be designated to be paid per mo.

8th -- Any Creditors listed in D.(1), if designated to be paid per mo.

9th -- Any Creditors listed in D.(1), if designated to be paid pro-rata and/or Creditors listed in E.(1)(B) or E.(2)(B), which must be designated to be paid pro-rata.

10th -- All amounts allowed pursuant to a *Notice of Fees, Expenses and Charges*, which will be paid pro-rata.

11th -- Priority Creditors Other than Domestic Support Obligations ("Priority Creditors") in H, which must be designated to be paid pro-rata.

Case No:
Debtor(s):  **Teresa Ann Johnson**

---

12th -- Special Class in I, which must be designated to be paid per mo.

13th -- Unsecured Creditors in J, other than late filed or penalty claims, which must be designated to be paid pro-rata.

14th -- Late filed claims by Secured Creditors in D.(1), D.(2), D.(3), E.(1) and E.(2), which must be designated to be paid pro-rata, unless other treatment is authorized by the Court.

15th -- Late filed claims for DSO or filed by Priority Creditors in B.(3) and H, which must be designated to be paid pro-rata.

16th -- Late filed claims by Unsecured Creditors in J, which must be designated to be paid pro-rata.

17th -- Unsecured claims for a non-pecuniary penalty, fine, or forfeiture, or for multiple, exemplary or punitive damages, expressly including an IRS penalty to the date of the petition on unsecured and/or priority claims.  These claims must be designated to be paid pro-rata.

**V.  POST-PETITION CLAIMS:**

Claims filed under § 1305 of the Bankruptcy Code shall be paid as allowed.  To the extent necessary, *Debtor(s)* will modify this *Plan.*

**W.  TRUSTEE'S RECOMMENDATION CONCERNING CLAIMS ("TRCC") PROCEDURE:**

See the provisions of the General Order regarding this procedure.

Case No:

Debtor(s):  **Teresa Ann Johnson**

## SECTION III
## NONSTANDARD PROVISIONS

The following nonstandard provisions, if any, constitute terms of this *Plan*. Any nonstandard provision placed elsewhere in the *Plan* is void.

**None.**

I, the undersigned, hereby certify that the *Plan* contains no nonstandard provisions other than those set out in this final paragraph.

**/s/ Marcus Leinart**

Marcus Leinart, Debtor's(s') Attorney                        Debtor (if unrepresented by an attorney)

Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) is respectfully submitted.

**/s/ Marcus Leinart**                                         **00794156**

Marcus Leinart, Debtor's(s') Counsel                         State Bar Number

Case No:
Debtor(s): **Teresa Ann Johnson**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that the foregoing Debtor's(s') Chapter 13 Plan (Containing a Motion for Valuation) was served on the following entities either by Electronic Service or by First Class Mail, Postage Pre-paid on the **29th day of January, 2020**:

(List each party served, specifying the name and address of each party)

Dated: **January 29, 2020**            /s/ Marcus Leinart
                                        Marcus Leinart, Debtor's(s') Counsel

| | | |
|---|---|---|
| Acceptance Solutions Group<br>c/o Texas Acceptance<br>125 N. Halsted<br>Chicago, IL 60661 | Arrowhead Advance<br>xx6987<br>PO Box 75<br>Pine Ridge, SD 57770-0075 | Chase Mortgage<br>xxxxxxxxx2591<br>Chase Records Center/Attn:<br>Correspondenc<br>Mail Code LA4 5555  700 Kansas Ln<br>Monroe, LA 71203 |
| Ad Astra Recovery<br>xxx7291<br>7330 West 33rd Street North<br>Suite 118<br>Wichita, KS 67205 | AT&T<br>xxxxxxxx6870<br>P.O. Box 5001<br>Carol Stream, IL 60197 | Comet Loans<br>xxxxKR4C<br>Tonto Apache Reservations<br>Payson, AZ 85541 |
| Advance Cash<br>PO Box 10<br>Parshall, ND 58770 | AT&T Mobility<br>PO Box 650553<br>Dallas, TX 75265-0553 | Compass Bank Checking<br>xxxxx3980<br>PO Box 830606<br>Birmingham, AL 35283-0606 |
| AFNI<br>xxxxxxxx6870<br>404 Brock<br>PO Box 3427<br>Bloomington, IL 61702-3427 | Banfield Pet Hospital<br>15255 W 19th St<br>Olathe, KS 66062 | Conn's Appliance Inc<br>c/o Becket and Lee LLP<br>PO Box 3002<br>Malvern PA 19355-1245 |
| Allstate Insurance Company<br>xxxxxxx8629<br>Payment Processing Center<br>P.O. Box 55156<br>Boston, MA 02205-5156 | Cash Net USA<br>xxxxxxx-0256<br>200 W. Jackson Blvd. 14th Floor<br>Chicago, IL 60606 | Conns<br>xxxxx3471<br>Attn: Bankruptcy<br>2445 Technology Forest Blvd, Bldg 4, Ste<br>The Woodlands, TX 77381 |
| American Credit Acceptance<br>xxxxxxx7267<br>Attn: Bankruptcy<br>961 E Main St<br>Spartanburg, SC 29302 | Chase Mortgage<br>xxxxxxxxx2583<br>Chase Records Center/Attn:<br>Correspondenc<br>Mail Code LA4 5555  700 Kansas Ln<br>Monroe, LA 71203 | Conns<br>xxxxxxxxxxxxxxxxx0118<br>Attn: Bankruptcy<br>2445 Technology Forest Blvd, Bldg 4, Ste<br>The Woodlands, TX 77381 |

Case No:
Debtor(s):  **Teresa Ann Johnson**

---

Credence Resource Management
xxxxx0074
17000 Dallas Parkway
Suite 204
Dallas, TX 75248

First National Collection Bureau
xxxxx3980
610 Waltham Way
Sparks, NV 89434

Moneylion
xxxxxxx0392
Attn:  Bankruptcy Dept
P.O. Box 1547
Sandy, UT 84091

Credit Collection Services
xxxxxxx8629
725 Canton St.
Norwood, MA 02062

First PREMIER Bank
xxxxxxxxxxxx3180
Attn: Bankruptcy
PO Box 5524
Sioux Falls, SD 57117

Nine Torches
x3900
PO Box 783
Lac du Flambeau, WI 54538

Credit Collection Services
xxxxxxxx0666
725 Canton St.
Norwood, MA 02062

Genesis Bc/Celtic Bank
xxxxxxxxxxxx4360
Attn: Bankruptcy
PO Box 4477
Beaverton, OR 97076

NTTA
PO Box 660244
Dallas, TX 75266-0244

Credit One Bank
xxxxxxxxxxxx1398
Attn: Bankruptcy Department
PO Box 98873
Las Vegas, NV 89193

Green Arrow Loan
xxx2413
PO Box 170
Finley, CA 95435

PHH Mortgage Services
xxxxxx8391
Attn: Research/Bankruptcy
1661 Worthington Rd   Ste 100
West Palm Beach, FL 33409

Credit Protection Association
xxxxxx/xx2425
PO Box 802068
Dallas, TX 75240

IC System, Inc
xxxx4689
Attn: Bankruptcy
PO Box 64378
Saint Paul, MN 55164

Possible Finance
xxxxxxxxxxxxxxxxxxxDZUV
2231 First Avenue
Suite B
Seattle, WA 98121

EOS
x-xxxx7799
700 Longwater
Norwell, MA 02061

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

Preferred Loans
xxx4121
1335 Dublin Rd.
Columbus, OH 43215

Fingerhut
xxxxxxxxxxxx2716
Attn: Bankruptcy
PO Box 1250
Saint Cloud, MN 56395

Midwest Recovery Systems
xxxxxxxxxxx2402
Attn: Bankruptcy
PO Box 899
Florissant, MO 63032

Professional Account Management
xxxxx6022
PO Box 866608
Plano, TX 75086

Fingerhut
xxxxxxxxxxxx8374
Attn: Bankruptcy
6250 Ridgewood Road
Saint Cloud, MN 56303

Money Key
xxx9616
3422 Old Capitol Trail Ste. 1613
Wilmington, DE 19808

Professional Account Management
xxxxx8847
PO Box 866608
Plano, TX 75086

Case No:
Debtor(s): **Teresa Ann Johnson**

---

Progressive Finance/Leasing
11629 S 700 E St Ste 250
Draper, UT 84020

Spectrum/Charter Communications
xxxxxxxxxxxx9093
PO Box 790261
Saint Louis, MO 63179-0261

Total Visa/Bank of Missouri
xxxxxxxxxxxx5159
Attn: Bankruptcy
PO Box 85710
Sioux Falls, SD 57118

Progressive Leasing
256 West Data Drive
Draper, UT 84020

Speedy/Rapid Cash
xxxx4596
Attn: Bankruptcy Dept.
PO Box 780408
Wichita, KS 67278

Verizon Wireless
xxxxxxxxxx0001
Attn: Verizon Bankruptcy
500 Technology Dr, Ste 500
Weldon Springs, MO 63304

RS Clark & Associates
xxxxxxxxxx1988
Attn: Bankruptcy
12990 Pandora Drive Ste 150
Dallas, TX 75238

Spotloan
P.O. Box 720
Belcourt, ND 58316

Zoca Loans
c/o Rosebud Lending LZO
PO Box 1147
24565 Research Park Dr.
Mission, SD 57555

Santander Consumer USA
xxxxxxxxxxxxx1000
Attn: Bankruptcy
10-64-38-FD7  601 Penn St
Reading, PA 19601

Sunrise Banks
xxxx3247
Attn: Bankruptcy
200 University Avenue West
Saint Paul, MN 55103

Select Portfolio Servicing, Inc
xxxxxxxxx3497
Attn: Bankruptcy
PO Box 65250
Salt Lake City, UT 84165

Sunrise Credit Services
xxxxxxxxxxxx9093
PO Box 9100
Farmingdale, NY 11735-9100

Select Portfolio Servicing, Inc
xxxxxxxxx3758
Attn: Bankruptcy
PO Box 65250
Salt Lake City, UT 84165

T-Mobile
x-xxx7799
P.O. Box 660252
Dallas, TX 75266

Self Lender Loans
xxxx3247
200 University Ave. West
Saint Paul, MN 55103

Teresa Ann Johnson
26850 US 380 #4204
Aubrey, TX 76227

Sky Trail Cash
xx2818
PO Box 1115
Lac du Flambeau, WI 54538

The Colony Hospital ER
xxxx6805
PO Box 3070
Bellaire, TX 77402-3070

**Leinart Law Firm**
7920 Beltline Road
Suite 980
Dallas, Texas 75254

Bar Number:  **00794156**
Phone:  **(469) 232-3328**

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**
Revised 10/1/2016

| | | | |
|---|---|---|---|
| IN RE: | Teresa Ann Johnson<br>26850 US 380 #4204<br>Aubrey, TX 76227 | xxx-xx-3299  §<br>§<br>§<br>§<br>§ | CASE NO: |

Debtor(s)

## AUTHORIZATION FOR ADEQUATE PROTECTION DISBURSEMENTS   DATED: 1/29/2020

The undersigned Debtor(s) hereby request that payments received by the Trustee prior to confirmation be disbursed as indicated below:

| | | |
|---|---|---|
| Periodic Payment Amount | | **$640.00** |
| Disbursements | First (1) | Second (2) (Other) |
| Account Balance Reserve | $5.00 | $5.00 carried forward |
| Trustee Percentage Fee | $63.50 | $64.00 |
| Filing Fee | $0.00 | $0.00 |
| Noticing Fee | $64.05 | $0.00 |
| **Subtotal Expenses/Fees** | **$132.55** | **$64.00** |
| Available for payment of Adequate Protection, Attorney Fees and Current Post-Petition Mortgage Payments: | **$507.45** | **$576.00** |

### CREDITORS SECURED BY VEHICLES (CAR CREDITORS):

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| American Credit Acceptance | 2016 Kia Soul | $20,436.00 | $20,436.00 | 1.25% | $255.45 |

Total Adequate Protection Payments for Creditors Secured by Vehicles:  **$255.45**

### CURRENT POST-PETITION MORTGAGE PAYMENTS (CONDUIT):

| Name | Collateral | Start Date | Scheduled Amount | Value of Collateral | Payment Amount |
|---|---|---|---|---|---|

Payments for Current Post-Petition Mortgage Payments (Conduit):  **$0.00**

*Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas - (210) 561-5300.*

Case No:
Debtor(s): Teresa Ann Johnson

**CREDITORS SECURED BY COLLATERAL OTHER THAN A VEHICLE:**

| Name | Collateral | Scheduled Amount | Value of Collateral | Adequate Protection Percentage | Adequate Protection Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

| | |
|---|---|
| Total Adequate Protection Payments for Creditors Secured by Collateral other than a vehicle: | **$0.00** |

**TOTAL PRE-CONFIRMATION PAYMENTS**

**First Month Disbursement (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$255.45** |
| Debtor's Attorney, per mo: | **$252.00** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Disbursements starting month 2 (after payment of Clerk's Filing Fee, any Noticing Fee, Chapter 13 Trustee Percentage Fee, and retention of the Account Balance Reserve):**

| | |
|---|---|
| Current Post-Petition Mortgage Payments (Conduit payments), per mo: | **$0.00** |
| Adequate Protection to Creditors Secured by Vehicles ("Car Creditor"), per mo: | **$255.45** |
| Debtor's Attorney, per mo: | **$320.55** |
| Adequate Protection to Creditors Secured by other than a Vehicle, per mo: | **$0.00** |

**Order of Payment:**

Unless otherwise ordered by the court, all claims and other disbursements made by the Chapter 13 Trustee prior to entry of an order confirming the Chapter 13 Plan will be paid in the order set out above. All disbursements which are in a specified monthly amount are referred to as "per mo". At the time of any disbursement, if there are insufficient funds on hand to pay any per mo payment in full, claimant(s) with a higher level of payment shall be paid any unpaid balance owed on the per mo payment plus the current per mo payment owed to that same claimant, in full, before any disbursement to a claimant with a lower level of payment. Other than the Current Post-Petition Mortgage Payments, the principal balance owing upon confirmation of the Plan on the allowed secured claim shall be reduced by the total of adequate protection payments, less any interest (if applicable), paid to the creditor by the Trustee.

DATED: **1/29/2020**

**/s/ Marcus Leinart**
Attorney for Debtor(s)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE: **Teresa Ann Johnson**　　　　　　　　　　　　CASE NO.

　　　　　　　　　　　　　　　　　　　　　　　　　　CHAPTER　**13**

## Certificate of Service

I hereby certify that on this date, I did serve a true and correct copy of the foregoing to the following interested parties and those listed on the attached matrix by United States Mail, First Class:

Date: **1/29/2020**　　　　　　　　　　　　　/s/ Marcus Leinart
　　　　　　　　　　　　　　　　　　　　　　Marcus Leinart
　　　　　　　　　　　　　　　　　　　　　　Attorney for the Debtor(s)

Acceptance Solutions Group
c/o Texas Acceptance
125 N. Halsted
Chicago, IL 60661

American Credit Acceptance
Attn: Bankruptcy
961 E Main St
Spartanburg, SC 29302

Cash Net USA
200 W. Jackson Blvd. 14th Floor
Chicago, IL 60606

Ad Astra Recovery
7330 West 33rd Street North
Suite 118
Wichita, KS 67205

Arrowhead Advance
PO Box 75
Pine Ridge, SD 57770-0075

Chase Mortgage
Chase Records Center/Attn:
Correspondenc
Mail Code LA4 5555  700 Kansas Ln
Monroe, LA 71203

Advance Cash
PO Box 10
Parshall, ND 58770

AT&T
P.O. Box 5001
Carol Stream, IL 60197

Comet Loans
Tonto Apache Reservations
Payson, AZ 85541

AFNI
404 Brock
PO Box 3427
Bloomington, IL 61702-3427

AT&T Mobility
PO Box 650553
Dallas, TX 75265-0553

Compass Bank Checking
PO Box 830606
Birmingham, AL 35283-0606

Allstate Insurance Company
Payment Processing Center
P.O. Box 55156
Boston, MA 02205-5156

Banfield Pet Hospital
15255 W 19th St
Olathe, KS 66062

Conn's Appliance Inc
c/o Becket and Lee LLP
PO Box 3002
Malvern PA 19355-1245

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

IN RE: Teresa Ann Johnson  CASE NO.

CHAPTER  13

**Certificate of Service**

(Continuation Sheet #1)

---

Conns
Attn: Bankruptcy
2445 Technology Forest Blvd, Bldg 4, Ste
The Woodlands, TX 77381

Fingerhut
Attn: Bankruptcy
6250 Ridgewood Road
Saint Cloud, MN 56303

Leinart Law Firm
11520 N. Central Expressway
Suite 212
Dallas, Texas 75243

Credence Resource Management
17000 Dallas Parkway
Suite 204
Dallas, TX 75248

First National Collection Bureau
610 Waltham Way
Sparks, NV 89434

Midwest Recovery Systems
Attn: Bankruptcy
PO Box 899
Florissant, MO 63032

Credit Collection Services
725 Canton St.
Norwood, MA 02062

First PREMIER Bank
Attn: Bankruptcy
PO Box 5524
Sioux Falls, SD 57117

Money Key
3422 Old Capitol Trail Ste. 1613
Wilmington, DE 19808

Credit One Bank
Attn: Bankruptcy Department
PO Box 98873
Las Vegas, NV 89193

Genesis Bc/Celtic Bank
Attn: Bankruptcy
PO Box 4477
Beaverton, OR 97076

Moneylion
Attn: Bankruptcy Dept
P.O. Box 1547
Sandy, UT 84091

Credit Protection Association
PO Box 802068
Dallas, TX 75240

Green Arrow Loan
PO Box 170
Finley, CA 95435

Nine Torches
PO Box 783
Lac du Flambeau, WI 54538

EOS
700 Longwater
Norwell, MA 02061

IC System, Inc
Attn: Bankruptcy
PO Box 64378
Saint Paul, MN 55164

NTTA
PO Box 660244
Dallas, TX 75266-0244

Fingerhut
Attn: Bankruptcy
PO Box 1250
Saint Cloud, MN 56395

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA 19101-7346

PHH Mortgage Services
Attn: Research/Bankruptcy
1661 Worthington Rd  Ste 100
West Palm Beach, FL 33409

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

IN RE: Teresa Ann Johnson CASE NO.

CHAPTER 13

**Certificate of Service**

(Continuation Sheet #2)

---

Possible Finance
2231 First Avenue
Suite B
Seattle, WA 98121

Select Portfolio Servicing, Inc
Attn: Bankruptcy
PO Box 65250
Salt Lake City, UT 84165

Sunrise Credit Services
PO Box 9100
Farmingdale, NY 11735-9100

Preferred Loans
1335 Dublin Rd.
Columbus, OH 43215

Self Lender Loans
200 University Ave. West
Saint Paul, MN 55103

T-Mobile
P.O. Box 660252
Dallas, TX 75266

Professional Account Management
PO Box 866608
Plano, TX 75086

Sky Trail Cash
PO Box 1115
Lac du Flambeau, WI 54538

Teresa Ann Johnson
26850 US 380 #4204
Aubrey, TX 76227

Progressive Finance/Leasing
11629 S 700 E St Ste 250
Draper, UT 84020

Spectrum/Charter Communications
PO Box 790261
Saint Louis, MO 63179-0261

The Colony Hospital ER
PO Box 3070
Bellaire, TX 77402-3070

Progressive Leasing
256 West Data Drive
Draper, UT 84020

Speedy/Rapid Cash
Attn: Bankruptcy Dept.
PO Box 780408
Wichita, KS 67278

Total Visa/Bank of Missouri
Attn: Bankruptcy
PO Box 85710
Sioux Falls, SD 57118

RS Clark & Associates
Attn: Bankruptcy
12990 Pandora Drive Ste 150
Dallas, TX 75238

Spotloan
P.O. Box 720
Belcourt, ND 58316

Verizon Wireless
Attn: Verizon Bankruptcy
500 Technology Dr, Ste 500
Weldon Springs, MO 63304

Santander Consumer USA
Attn: Bankruptcy
10-64-38-FD7   601 Penn St
Reading, PA 19601

Sunrise Banks
Attn: Bankruptcy
200 University Avenue West
Saint Paul, MN 55103

Zoca Loans
c/o Rosebud Lending LZO
PO Box 1147
24565 Research Park Dr.
Mission, SD 57555